UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETROCHEM INSULATION, INC.,

Plaintiff,

v.

SCAFFOLD ENGINEERING, INC.,

Defendant.

CASE NO. 3:25-cv-06060

ORDER

This matter is before the Court on plaintiff Petrochem Insulation's motion for limited and temporary relief from stay, Dkt. 24.

On January 23, 2026, the parties submitted a joint status report informing the Court about underlying arbitration proceedings between Petrochem and non-party JR Merit. Dkt. 16. Because Petrochem's alleged damages in this case depend on the outcome of the arbitration, the Court stayed this case. Dkt. 22.

Petrochem moves for limited and temporary relief from the stay to allow briefing on two discovery issues. Dkt. 24. First, Petrochem seeks leave to serve a subpoena duces tecum on JR Merit for a 227-page document relevant to this case. *Id.* at 3. It does not dispute it has possession of the document, but instead requests the subpoena duces tecum

ORDER - 1

because Scaffold has declined to join a confidentiality agreement proposed by JR Merit as to the document. Dkt. 28 at 2. It suggests JR Merit can subsequently file a motion to quash the subpoena duces tecum. Scaffold opposes this request, contending it is a "waste of time of the Court's time and resources." Dkt. 26 at 2. It finds two provisions of the proffered confidentiality agreement burdensome: (1) that violating the agreement will result in injury to JR Merit and (2) that the prevailing party in an action arising from the confidentiality agreement will be awarded attorneys' fees and costs. *Id.* at 3.

Second, Petrochem seeks leave to file a motion to compel for raw testing data in defendant Scaffold's possession. Dkt. 24 at 4. Scaffold responds that although it granted Petrochem permission to "take photographs and observe the testing," it did not agree to share access to the testing data. Dkt. 26 at 4. The testing material is currently with Scaffold's consulting expert, whom Scaffold has not yet designated as a testifying expert. *Id.*

The Court agrees with Scaffold on both issues. Petrochem does not dispute it has possession of the 227-page document. Its sole purpose in requesting the subpoena duces tecum is to require Scaffold to sign the confidentiality agreement. Petrochem has not sufficiently explained why a standard protective order would not be sufficient here, particularly when sanctions are generally available for violations of a protective order. The parties may request the Court enter a protective order as to the 227-page document instead. Allowing a subpoena duces tecum that JR Merit will likely move to quash is an inefficient use of the Court's and the parties' resources.

ORDER - 2

Petrochem is also not entitled to the raw testing data held by Scaffold's consulting expert. Unless Petrochem shows it has a "substantial need" for the data and that it "cannot, without undue hardship," obtain it by other means, Scaffold's consulting expert's[1] materials are protected work product. Fed. R. Civ. P. 26(b)(3)(A), (b)(4)(B); *Animal Legal Def. Fund v. Olympic Game Farm, Inc.*, 335 F.R.D. 404, 405 (N.D. Cal. 2020) (citation modified) ("the purpose of Rule 26(b)(4)(B) is to create a safe harbor whereby facts and opinions of non-testifying, consulting experts are shielded from discovery, except upon a showing of exceptional circumstances"). Petrochem may perform its own testing based on the materials currently in JR Merit's possession. Dkt. 26 at 4.

Petrochem's motion for limited relief from the stay, Dkt. 24, is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of February, 2026.

BENJAMIN H. SETTLE
United States District Judge

---

[1] Scaffold has not yet designated its consultant as a testifying expert. Dkt. 26 at 4.

ORDER - 3